IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Andres Gutierrez, both individually, and on behalf of those similarly situated.<br>　　　　Plaintiff,<br><br>　　v.<br><br>　　　　　　　　　and<br><br>Comfort Care Transportation, LLC<br><br>　　　　Defendant. | Case No.   5:22-cv-234<br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Andres Gutierrez ("Plaintiff"), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against Comfort Care Transportation, LLC ("Defendant" or "CCTL"). In support of this Complaint, Plaintiff states:

### Introduction

1. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendant's failure to pay overtime wages owed.

### Parties

2. Plaintiff is a resident of Brownsville, Texas; and he was employed by CCTL.

3. CCTL is a business that is located, headquartered, and conducts business in San Antonio, Texas.

4. Defendant is "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate

commerce or in the production of goods for interstate commerce. In particular, provides non-emergency medical transports to patients and elderly individuals. Defendant operates in multiple states, and occasionally, its drivers cross state lines.

## Jurisdiction And Venue

5. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Choose an item. District of Texas because all underlying facts and transactions occurred in or about          , Texas.

## Facts Common To All Claims

7. CCTL Is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity engages in the business of providing non-emergency medical transport for patients and elderly individuals.

8. CCTL is also an an "employer" as that term is defined in Section 203 of the FLSA because (1) it had the power to direct and supervise Plaintiff's work, as well as the work of the members of the proposed collective; (2) it had the authority to hire and fire Plaintiff, as well as members of the proposed collective; and (3) it had the power to enact and implement compensation policies for its workers, including Plaintiff.

9. Defendant's drivers, including Plaintiff, work by driving their assigned vehicle in their designated area or territory. At all times during the workday, they are on-call to pick up a patient.

10. On information and belief, there are approximately 400 driver-employees for Defendant in Texas.

11.     Approximately one year ago, Defendant began deducting 30 minutes per day for lunch from Plaintiff's paycheck, as well as all drivers in Texas.  Plaintiff and the referenced drivers are hereinafter referred to collectively as "Drivers."

12.     During the Drivers' lunch break designated by Defendant, they are forced to work during lunch, including:

> (i) They must be in their vehicle driving, and be prepared to pick up a patient while on-call for work;
>
> (ii) They are not permitted to have lunch in a restaurant's physical location, they must remain in their car and -on-call;
>
> (iii) Food for the driver's lunch must be brought from home and consumed in their vehicle, or they must obtain lunch from a drive-thru or gas station, so the food can be consumed in the car while they are on-call; and
>
> (iv) Drivers were not compensated with any pay during this lunch break.

Hereinafter, the "Lunch Break".

13.     The Drivers' act of driving a vehicle during their lunch break while on-call constitutes work performed for Defendant.  However, this work in uncompensated during the Drivers' lunch break.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff brings this collective action for themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages and other damages related to Defendant's violation of the FLSA.

15.     Plaintiff pursues the requested relief on behalf of the following proposed Collective:

> All individuals who currently work, or have worked, for Defendant, as one of its Drivers, who had Lunch Break time deducted from their respective paychecks while they were forced to drive and/or be on-call for Defendant's customers during their respective Lunch Breaks.

16. Plaintiff is a member of the Collective they seek to represent, because they were classified as non-exempt and employed on an hourly basis during the relevant period, they were routinely required to drive a vehicle for Defendant during his lunch break without any compensation.

17. This action may be properly maintained as a collective action because Plaintiff and the Collective Members were similarly situated:

   a. They each shared similar duties for Defendant, to wit, driving Defendant's patient-customers; and

   b. They were each subjected to the same Lunch Break policy, which was applied uniformly to the Drivers who were denied compensation while working during their Lunch Break.

18. Plaintiff estimate that the Collective, including both current and former employees over the relevant period, will include at least four hundred members. The precise number of Collective Members should be readily available from Defendant's personnel, scheduling, time records, and from input received from the Collective Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and via electronic mail.

19. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## **COUNT I: VIOLATION OF THE FLSA**

20. Plaintiff reincorporates by reference Paragraphs 1 through 19, as if set forth in full herein for Paragraph 20.

21. Plaintiff began working at CCTL in or before 2017.

22. At all times, Plaintiff held the same position at CCTL, they were a driver. Plaintiff was an "employee" of Defendant as that term is used in Section 203 of the FLSA because he was

employed by Defendant to provide transportation for patients and elderly for non-emergency services. Plaintiff and members of the proposed Collective of Drivers do not fall into any of the exceptions or exemptions for workers under the FLSA.

23. Although schedules are subject to change, Plaintiff's general schedule with Defendant required Plaintiff to work on average 46 to 52 hours per week.

24. Plaintiff was paid their wages on an hourly basis.

25. Plaintiff's rate of pay was $15.40 to $16.40 at all relevant times.

26. Throughout at least the past year of Plaintiff's, and the proposed Collective's, employment with Defendant, they were forced to drive and/or be on-call during a thirty (30) minute lunch break during each work day. This time was uncompensated by Defendant.

27. On information and belief, Plaintiff and the members of the proposed Collective worked on average five to six days per week for Defendant.

28. On information and belief, Plaintiff's rate of pay of $15.40 to $16.40 per hour is commensurate with the rates of pay paid to members of the proposed Collective.

29. Based on Plaintiff's rate of pay, Plaintiff and members of the proposed Collective were deprived of approximately $60 per week in compensation for all weeks that the Lunch Break policy was imposed by Defendant.

30. For Plaintiff alone, he has not received compensation of in excess of $3,000 from Defendant.

31. Defendant's failure to pay Plaintiff and the Drivers during the Lunch Break was a willful violation the FLSA. Defendant knew that its workers were working during their lunch break; and Defendant knew that they were not being compensated during the Lunch Break. Moreover, many Drivers complained to Defendant about the general fairness and inequity of not having a normal

lunch routine, where they could exit their vehicle and consume a mean without working; and yet Defendant persisted in enforcing the Lunch Break policy.

32.     Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) at least $3000 in damages for Plaintiff alone; (ii) at least $3000 in liquidated damages for Plaintiff alone; (iii) commensurate damages for any members of the proposed Collective who opt-in to this lawsuit; and (iv) Plaintiff's attorney's fees and costs, to be determined.

WHEREFORE, Plaintiff respectfully prays for an Order:

a. Requiring Defendant to file with the Court and provide to Plaintiff's counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendant as non-exempt, hourly paid IT employees but were classified by Citi as contractors, during the applicable statute of limitations period, but were not paid an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week;

b. Authorizing Plaintiff's counsel to issue a notice informing Class Members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

c. Issuance of a declaratory judgment that the practices complained of in this Collective Action are unlawful;

d. Finding that Defendant willfully violated the applicable wage provisions of the FLSA and by failing to pay all required wages to Plaintiff and Collective Members;

e. Granting judgment in favor of Plaintiff and the Class Members on their FLSA;

g. Awarding compensatory damages to Plaintiff and the Class Members in an amount to be determined;

h. Awarding pre-judgment and post-judgment interest to Plaintiff and the Class Members;

i. Awarding liquidated damages to Plaintiff and the Class Members;

j. Awarding all costs and reasonable attorney's fees incurred prosecuting this claim;

k. Awarding reasonable incentive awards to the Named Plaintiff to compensate them for the time and effort they have spent and will spend protecting the interest of other Collective Members, and the risks they are undertaking;

l. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

m. Awarding any further relief the Court deems just and equitable; and n. Granting leave to add additional case plaintiff by motion, the filing of written consent forms, or any other method approved by the Court.

                                                      Andres Gutierrez

                                                     /s/James M. Dore
                                                     By Their Attorney

James M. Dore
Justicia Laboral LLC
6232 N. Pulaski, #300
Chicago, IL 60646
Phone: 773-942-9415 x 105
jdore@justicialaboral.com

**PLAINTIFF DEMANDS TRIAL BY JURY**